498 P.2d 470

**In the Matter of the Estate of Wade C. PREWITT, Deceased.**
**Gracia R. PREWITT, Appellant,**

v.

**Carolyn Prewitt JONES, Appellee.**

**No. 2 CA–CIV 1134.**

Court of Appeals of Arizona,
Division 2.

June 22, 1972.

Rehearing Denied July 20, 1972.

Review Denied Sept. 19, 1972.

Frank Gabusi, Yuma, for appellant.

Polley & Polley, by Wes Polley, Bisbee, for appellee.

KRUCKER, Chief Judge.

This appeal is taken from a probate court order in proceedings to determine heirship. Appellant, surviving spouse of the decedent, challenges the court's determination that appellee is the decedent's daughter by equitable adoption.

In 1946, Ruby Doud of Houston, Texas, gave birth to a child, Carolyn Doud. When the child was approximately three weeks old, Wade and Lucille Prewitt, also residents of Houston, went to Mrs. Doud to discuss with her their taking care of the child since she was unable to do so. Mrs. Doud agreed and the Prewitts took Carolyn into their home.

Approximately a year and a half later, Mrs. Doud signed a document permitting the Prewitts to take Carolyn to Benson, Arizona. During the time the Prewitts lived in Benson, they introduced Carolyn to members of the community as Carolyn Prewitt.

When Carolyn was about five years old, the Prewitts went back to Mrs. Doud in

Houston and asked her to sign documents for Carolyn's adoption. The Prewitts returned to Benson with Carolyn where they remained until Mrs. Prewitt's death when Carolyn was nine. Because of his wife's death, Mr. Prewitt felt he couldn't take care of Carolyn in Benson. Carolyn was given the option of going to live with Mr. Prewitt's sister, Myrtle Nelms, in Houston, where Mr. Prewitt would send money for Carolyn's support, or of returning to her natural mother, Mrs. Ruby Doud, in which case Mr. Prewitt would pay no support. Carolyn chose to live with Mrs. Nelms and remained there until she married at age nineteen.

Mr. Prewitt became ill in 1960 and executed his purported Last Will and Testament, naming his three sisters and Carolyn Doud (Prewitt) as his heirs. On March 4, 1969, he married appellant, Gracia R. Prewitt and on May 25, 1969 he died. On May 29, 1969, a petition for Letters of Administration[1] was filed and subsequent thereto a petition for probate of a purported will of Wade Prewitt was filed by Maydell Prewitt Brown, Veda Prewitt Foster, Myrtle Prewitt Nelms and Carolyn Doud Prewitt Jones.

This matter was heard on July 17, 1969, and the court on August 11, 1969, decreed that appellant was the surviving spouse of decedent and denied admission of the will to probate.

On July 29, 1970, appellee filed a petition for Determination of Heirship. After a hearing on August 26, 1971, the court, on September 3, 1971, ordered that Wade C. Prewitt, deceased, left surviving him an only child, a daughter by adoption, Carolyn Prewitt Jones, and further ordered distribution of the estate according to the laws of intestate succession. This appeal followed.

The issue before this court is whether Carolyn Prewitt Jones is the equitably adopted daughter of the deceased, Wade C. Prewitt, so as to be an heir of the estate under Arizona laws of intestate succession.

The Arizona Supreme Court has recognized the doctrine of equitable adoption on several occasions. The doctrine applies to a situation involving a contract to adopt a child fully performed except for the statutory formalities, and is applied for the benefit of the child, in determining its right of inheritance upon the death of the person contracting to adopt. The Arizona Supreme Court in In re Estate of Lamfrom, 90 Ariz. 363, 368 P.2d 318 (1962), set out the following principles as to application of the doctrine:

"(1) the promisor must promise in writing or orally to adopt the child; (2) the consideration flowing to the promisor must be twofold: (a) the promisee parents must turn the child over to the promisor, and (b) the child must give filial affection, devotion, association and obedience to the promisor during the latter's lifetime; (3) when upon the death of the promisor the child has not been made the legally adopted child of the promisor, equity will decree that to be done which was intended to be done and specifically enforce the contract to adopt; (4) the child will be entitled to inherit that portion of the promisor's estate which he would have inherited had the adoption been formal. Furthermore it has been held in other jurisdictions that the contract to adopt need not be express, but may be implied from the acts, conduct, and admissions of the adopting parties. (Footnote omitted)" 90 Ariz. at 367, 368 P.2d at 321.

One claiming benefit of this doctrine has the burden of establishing the contract by clear and convincing evidence. Barlow v. Barlow, 170 Colo. 465, 463 P.2d 305 (1969); 2 Am.Jur.2d Adoptions § 20, though the contract may be proved by circumstantial evidence, In re Estates of Williams, 10 Utah 2d 83, 348 P.2d 683 (1960).

---

1. The petition alleged that appellant, a non-resident, was the decedent's surviving spouse and nominated Ray Bambrick, Jr. to serve as personal representative in her stead.

**398**

We have reviewed the record before us and find the evidence in support of equitable adoption satisfies the requisite quantum of proof. The natural mother of Carolyn Prewitt Jones, Mrs. Ruby Doud, testified that the Prewitts told her they wanted to adopt Carolyn, that she willingly signed a document consenting to such adoption, and that she thereafter assumed that the Prewitts had adopted Carolyn.

Carolyn testified that she was not aware until Mrs. Lucille Prewitt's death that she was not the natural child of Lucille and Wade Prewitt. Carolyn had loved the Prewitts and called them mother and father and from the testimony of numerous disinterested witnesses, the love had been reciprocal.

The Prewitts always introduced Carolyn as their daughter. She was baptized as Carolyn Prewitt and was enrolled in school as Carolyn Prewitt. After Lucille Prewitt's death, when Carolyn went to Houston to live with decedent's sister, she continued to think of Wade Prewitt as her father. She wrote him regularly and he frequently called her on the phone and visited with her in Houston on several occasions. The first of every month he sent a check to his sister for Carolyn's support and gave Carolyn a monthly allowance. He frequently sent her gifts and money and appeared to care for her as if she were his natural daughter.

Wade and Lucille had told Wade's sisters when they had Mrs. Doud sign the consent document that they intended to adopt Carolyn. His sisters thereafter assumed that the adoption had been accomplished. When Carolyn was 18 years old, Wade gave Lucille's rings, watch and diamond cross to her.

All of this testimony supports but one conclusion—Carolyn was the equitably adopted daughter of the Prewitts and therefore entitled to share in Wade Prewitt's estate.

Judgment affirmed.

HOWARD, and HATHAWAY, JJ., concur.